BOUTALL, Judge.
Before SAMUEL, LEMMON and BOUTALL, JJ.
This is a suit for damages to plaintiff’s car as a result of a rear-end collision at the intersection of South Claiborne Avenue and Napoleon Avenue, New Orleans. The trial court rendered judgment dismissing plaintiff’s suit, and he appeals.
Plaintiff contends he was driving his car on South Claiborne Avenue in the third or far right traffic lane and as he approached the intersection with Napoleon Avenue, the Public Service bus which preceded him stopped to take on passengers. He waited behind the bus after it took on passengers, and although it finished loading, the bus did not pull off during several traffic light sequences. Plaintiff was intending to turn right onto Napoleon, and after the vehicle behind him pulled free, plaintiff in turn backed up, turned left into the middle traffic lane and proceeded past the bus in an effort to turn right in front of the bus onto Napoleon. However, at this moment the bus started to proceed and caused plaintiff’s vehicle to stop. He was then struck by the defendant’s vehicle from behind. Plaintiff insists that he made this maneuver with great care and had plenty of time to do so, that he gave the proper signals, etc., but that defendant nevertheless negligently ran into his rear.
As opposed to this the defendant contends that as he was approaching the intersection in the same direction, driving in the middle lane, the plaintiff’s vehicle suddenly and without warning pulled in front of him, 10 to 15 feet away from behind the bus, accelerated rapidly as if to proceed straight across the intersection, but then without warning or signals suddenly stopped, causing him to be in a position where he could not himself timely stop and so he collided with the rear of the vehicle.
The trial judge found for defendant and dismissed plaintiff’s suit without giving reasons. The evidence presented is basically the testimony of plaintiff driver *498 against defendant driver. We consider that the maneuver attempted by plaintiff, that is, pulling out from behind the stopped bus into the middle traffic lane and then attempting a right turn in front of the bus, to be a very dangerous maneuver and places a burden of great care upon him, especially when he testified that he did not know of the reason for the bus remaining stopped, and that the motor was running.
If the trial judge believed that the maneuver took place as testified to by defendant, it obviously constitutes negligence on plaintiff’s part. There is nothing in the record to indicate that the trial judge committed manifest error in dismissing plaintiff’s suit, and failing to find error, we affirm.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.